UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Hon. Maureen Hallahan, *Presiding Judge of the San Diego Superior Court*,<br><br>     Petitioner,<br><br>v.<br><br>Andre Mario Smith,<br><br>     Respondent. | Case No.: 3:24-cv-01630-JAH-KSC<br><br>**ORDER REMANDING CASE**<br><br>**[ECF No. 1]** |

# BACKGROUND

On September 10, 2024, Respondent Andre Mario Smith ("Respondent") filed a Notice of Removal ("NOR") in the above-entitled matter. ECF No. 1. Respondent seeks federal court jurisdiction over a petition by the Honorable Maureen Hallahan, Presiding Judge of the Superior Court of California, County of San Diego ("Petitioner"), to strike and release a lien that Respondent had placed on her property. *Id.* at 7.

On May 15, 2024, Petitioner filed an ex parte petition to strike and release a lien that Respondent had placed on her property. ECF No. 1-2 at 1. On July 12, 2024, the Honorable John Meyer of the Superior Court of California granted the petition and ordered all liens and encumbrances filed or recorded by Respondent against the property of Petitioner be stricken and released, including the lien and encumbrance Respondent placed on Petitioner's property in UCC Filing No. U240035096932. ECF No. 1-3 at 3. The court also ordered the Office of the California Secretary of State to "take all steps necessary to strike and release the lien and encumbrance." *Id.*

Respondent seeks removal of the case to federal court based solely on diversity jurisdiction. ECF No. 1-1 at 1. Respondent indicates on his civil cover sheet that both Petitioner and Respondent are citizens of the same state. *Id*. Respondent represents in his Notice of Removal, however, that he is a citizen of Taiwan, and Respondent also contends the amount in controversy is $999,999,999.99. ECF No. 1 at 7.

## DISCUSSION

When a case is removed from state court to federal court based on diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If it is clear from the face of the pleadings that the party "cannot recover the amount claimed," then the federal court may dismiss the case for lack of jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938).

Here, Respondent has provided no plausible basis for establishing the amount in controversy at multiple millions of dollars. Respondent contends he has placed a lien on the Petitioner's property for the amount of many billions of dollars (ECF No. 1 at 7), but provides no factual allegations supporting the amount in controversy in this matter. Because Respondent fails to provide a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold, and because it is clear from the removal notice that the Respondent cannot recover the amount claimed, the Court finds no subject-matter jurisdiction in this matter and REMANDS the case to the Superior Court of California for the County of San Diego, where it was originally filed, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

DATED: July 15, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE